# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by Superior Court of California, County of Los Angeles 9/09/2024 4:16 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Covarrubias, Deputy Clerk**

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

EQUINOX HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JUAN CAMILO FIGUEREDO, an individual, and KAROLY MAYER, an individual on behalf of themselves and others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N Hill Street
Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):* 24STCV23259

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
D.Law, Inc., Emil Davtyan, Esq. - 880 E Broadway, Glendale, CA 91205 P: 818-962-6465 / F: 818-962-6469

David W. Slayton, Executive Officer/Clerk of Court

DATE: *(Fecha)* 09/09/2024 Clerk, by *(Secretario)* J. Covarrubias , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:

**D.LAW, INC.**
Emil Davtyan (SBN 299363)
emil@d.law
David Yeremian (SBN 226337)
d.yeremian@d.law
Alvin B. Lindsay (SBN 220236)
a.lindsay@d.law
Jean Hopkins Power (SBN 326509)
j.power@d.law
880 E Broadway
Glendale, CA 91205
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

**Electronically FILED by Superior Court of California, County of Los Angeles 9/09/2024 4:16 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Covarrubias, Deputy Clerk**

Attorneys for Plaintiffs JUAN CAMILO FIGUEREDO and KAROLY MAYER on behalf of themselves and all others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

JUAN CAMILO FIGUEREDO, an individual, and KAROLY MAYER, an individual on behalf of themselves and others similarly situated,

Plaintiffs,

vs.

EQUINOX HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 24STCV23259

CLASS ACTION

Assigned for All Purposes To:
Hon.
Dept.:

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Minimum Wages;
2. Failure to Pay Wages and Overtime Under Labor Code § 510;
3. Meal Period Liability Under Labor Code § 226.7;
4. Rest-Break Liability Under Labor Code § 226.7;
5. Violation of Labor Code § 226(a)
6. Violation of Labor Code § 226.2;
7. Violation of Labor Code § 221;
8. Violation of Labor Code § 203;
9. Violation of Labor Code § 204;
10. Failure to Maintain Records Required under Labor Code §§ 1174, 1174.5;
11. Failure to Reimburse Expenses § 2802; and
12. Violation of Business & Professions Code § 17200 *et seq*.

**DEMAND FOR JURY TRIAL**

Plaintiffs JUAN CAMILO FIGUEREDO and KAROLY MAYER (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated (collectively, "Employees" or "Class Members"; individually, "Employee") complains of Defendants, and each of them, as follows:

**INTRODUCTION**

1. Plaintiffs bring this action on behalf of themselves and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as Personal Trainers and in similar and related positions by EQUINOX HOLDINGS, INC., a Delaware corporation; and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). Plaintiffs allege that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and California Business & Professions Code, and seeks redress for these violations.

2. Plaintiff, JUAN CAMILO FIGUEREDO, ("Plaintiff Figueredo") was a resident of Los Angeles County in California during the time period relevant to this Complaint. Plaintiff KAROLY MAYER, ("Plaintiff Mayer") is a resident of Los Angeles County in California and has been during the time period relevant to this Complaint. Plaintiffs were employed by Defendants as personal trainers with responsibilities for providing services to Defendants' customers and members. Plaintiffs were employed based out of Defendants' facilities in Los Angeles and in Los Angeles County with responsibilities that included making session sales, scheduling and training clients, working floor shifts, organizing weights, and helping customers and providing them with various fitness related services. Upon information and belief, the same violations Plaintiffs endured were also experienced by all other Employees working as personal trainers as well as those employed by Defendants as reception workers, cleaners, and others in similar positions based out of Defendants' locations throughout California. Plaintiffs were employed by Defendants and shared similar job duties and responsibilities, were subjected to the same policies and practices, and endured similar violations at the hands of Defendants as the other Employee Class Members who served in similar and related positions.

3. Plaintiffs and other Class Members consistently worked at Defendants' behest, throughout California where the conduct giving rise to the allegations in this Class Action Complaint occurred, without being paid all wages due.

## THE PARTIES

### A. The Plaintiffs

4. Plaintiff FIGUEREDO resided in Los Angeles County and during the time period relevant to this complaint was employed by Defendants as a non-exempt employee within the State of California, based out of Defendants' facilities in Los Angeles County, and serviced Defendants' customers at locations in Los Angeles and Los Angeles County.

5. Plaintiff MAYER resides in Los Angeles County and during the time period relevant to this complaint was employed by Defendants as a non-exempt employee within the State of California, based out of Defendants' facilities in Los Angeles County, and serviced Defendants' customers at locations in Los Angeles and Los Angeles County.

### B. The Defendants

6. Defendant EQUINOX HOLDINGS, INC. ("EQUINOX") is a Delaware corporation which lists its principal offices in New York, New York. EQUINOX does not list a California office with the California Secretary of State, and describes its type of business as "Health Club." EQUINOX has been listed as the employer on the wage statements and in certain other employment related documents issued to Plaintiffs, and upon information and belief, the other Class Members during the relevant time period. Its website explains that "Equinox invented the premium health and fitness space and has continued to define it as the brand's global reach expands and it diversifies into new spaces, offerings, and categories. Equinox takes an integrative approach to high-performance living, incorporating all aspects of movement, nutrition, and regeneration. As our mission states, in everything we do, we create the possibility for people to maximize the potential within themselves."

7. The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names under Code

of Civil Procedure § 474. Plaintiffs are informed and believes, and thereon alleges, that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

8. Plaintiffs are informed and believe, and thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, issued policies governing their employment, or suffered or permitted Employees to work, or engaged, thereby creating a common law employment relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly employed Employees.

9. Whenever and wherever reference is made in this Complaint to any act by a defendant or defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally.

10. Whenever and wherever reference is made to individuals who are not named as a Defendant in this Complaint but were agents, servants, employees and/or supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope of their employment.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred at least in part in Los Angeles

County, California. Defendants maintain and operate locations in Los Angeles County, and employ Plaintiffs and other Class Members throughout California.

**FACTUAL BACKGROUND**

12. The Employees who comprise the Class, including Plaintiffs, are non-exempt employees pursuant to the applicable Wage Order(s) of the IWC who work at the direction of Defendants in the State of California. Plaintiffs and Class Members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Plaintiffs also contend that Defendants failed to pay Plaintiffs and Class Members all wages due and owing, including by rounding the hours worked by Employees to their detriment and time shaving and failure to pay wages for all hours worked. To the extent they were paid on a commission basis or piece rate basis, Defendant failed to pay for all non-productive time and for all non-productive rest and recovery time, including as required under Labor Code § 226.2. This practice resulted in Class Members performing off-the-clock work and the under-recording of hours worked, including all time while they are under the control of Defendants, and Defendants failed to both separately compensate Class Members for non-productive time where required and to timely pay all wages owed to the Class Members for all hours they worked in connection with providing personal training services. Defendants further made unlawful deductions from Employees' pay, failed to timely pay wages twice monthly, failed to provide timely, uninterrupted meal and rest breaks, failed to reimburse necessary business expenditures, and failed to furnish accurate wage statements, all in violation of various provisions of the California Labor Code and applicable Wage Orders.

13. Plaintiffs and the Class Members were non-exempt employees employed by Defendants to make session sales, schedule and train clients, cover floor shifts, organize equipment, help customers, and perform other fitness related services for Defendants' customers and members. Defendants required Plaintiffs to work on a "piece rate" basis in connection with providing personal training sessions to clients where the pieces were completed training sessions. Defendants systematically failed to pay Plaintiffs and Class Members all minimum wages, overtime wages, and double time wages to which they were entitled, including by failing to pay

for all pieces earned and to pay for all non-productive time. Plaintiffs and the Class Members were paid by Defendants either at a base hourly rate and overtime or alternatively a "commission" of a certain percentage of the sales revenue from training session "pieces" they generated for a pay period, if those revenues exceed a required threshold. The system was difficult to understand and poorly communicated and explained by Defendants, who followed a policy of not providing Employees with the opportunity to review their weekly sales numbers and pieces generated or timekeeping entries for their hours worked, and selectively determined when and if to pay for work at an hourly rate and how much to pay for alleged commissions.

14. Upon information and belief, what Defendants called "commissions" were not actually commissions as addressed in the Labor Code and applicable IWC Wage Orders and were instead, in both policy and practice, non-discretionary bonuses. Defendants thus failed to pay all compensation due for the revenue generated by Plaintiffs and the Class members as a bonus, and then also failed to include these bonuses in the regular rate which it used to calculate and pay overtime wages to the Employees or the regular rate at which sick pay or other PTO and vacation was paid. The wage statements Defendants provided to Plaintiffs and Class Members evidence these violations, and further establish that such payments were bonuses rather than commissions and that Defendants failed to provide sales data and numbers underlying their alleged commission calculations if and when they were paid.

15. Moreover, to the extent Plaintiffs and Class Members were paid under a commission-based system, or even under a piece rate system, they were not properly compensated for their non-productive time when they were not generating pieces (i.e. not engaged in training sessions). Additionally, after first neglecting to provide a lawful compensation agreement as required under Labor Code § 2751, Defendants unlawfully considered alleged commissions to be base wages for hours worked, under-recorded actual hours worked, and commission payments at the end of the weeks and pay periods to make it appear as though commissions were a replacement for regular hourly base pay rather than in addition to it.

16. Upon information and belief, Defendants' compensation system was also unlawful in both policy and practice, as Defendants would manipulate it to their advantage and to under-

compensate Plaintiffs and the Class members for all their hours worked. More specifically, upon information and belief, Defendants required Plaintiffs and Class members to clock in before a training session and to clock out when a training session was over, but then to also remain "available" to be called if a client needed services. Upon information and belief, this was done to avoid paying non-productive time wages, rest periods, and meal period breaks. Thus, Defendants' management selectively manipulated the compensation Defendants paid to Class Members by ensuring they were not paid overtime and were instead underpaid earned commissions, piece rate wages, or vice versa, or else inappropriately deemed payments that were productivity based and non-discretionary bonuses to be commission wages rather than bonuses to avoid paying overtime and paying overtime at the correct rate.

17. The wage statements issued to Plaintiffs often provided and listed their weekly pay as a Piece units payable at a "piece rate" As Plaintiffs and the Class members are not exempt commissioned employees, or to the extent Defendants misclassified them as such, Defendants were required to pay overtime to Plaintiffs and the Class members for all hours over eight in a shift and all hours over forty in a work week. In these instances, Defendants were also required to include all forms of remuneration in the regular rate they used to calculate and pay that overtime. This further resulted in systematic failure to timely pay all wages earned by Plaintiffs and Class Members. Defendants' failure to maintain accurate records of all hours worked by Plaintiffs and the similarly situated personal trainers also resulted in violations of the record keeping requirements under the Labor Code, including under Labor Code §§ 226 and 1174.

18. Plaintiffs and the Employees in the Class were also required to attend meetings, participate in training sessions, respond to emails, respond to telephone calls before and after their work shifts, and were unable to generate pieces or earn commissions during this time or any of the time when they were supposed to be taking duty-free, net ten minute rest periods during their shifts. Moreover, Plaintiff FIGUEREDO was paid at a rate below that of the minimum wage in Los Angeles, California, where he worked. Plaintiffs and the Class members performed work tasks but were not paid the minimum wages to which they were entitled because of Defendants' systematic policies and practices of failing to correctly record all time worked and compensate

Employees at the correct rates and for all hours worked, including, but not limited to, time spent engaging in these tasks spent during non-productive rest and recovery time. Defendants failed to correctly pay minimum wages to Plaintiffs and the other Class Members in accordance with California law, and thereby systematically underpaid minimum compensation to Plaintiffs and the other Class Members for their time worked, which Defendants either failed to document at all or to accurately document, as also required under applicable California law.

19. For a significant portion of Plaintiffs' employment with Defendants and during the relevant time period, Defendants revised Plaintiffs' and Class Members' time records to reduce the amount of hours worked by indicating 30 minutes of unpaid time that was supposed to represent a meal period break. However, Plaintiffs did not take meal period breaks most of the time because they were either required to work through their meal breaks or were told to "clock out" but remain on duty without being paid. This resulted in Defendants both underreporting the hours worked by Plaintiffs and the Class members and failing to pay them for all hours worked at the appropriate regular and overtime rates. These timekeeping records were not a true reflection of the time Plaintiffs and Class Members actually spent under the control of Defendants on any given day, and have given rise to claims for Defendants' systematic failure to maintain required records of all hours worked and payments made, including under Labor Code §§ 1174 and 226.

20. Defendants thus also followed a uniform practice of compiling time records that unlawfully conformed to the start and end time of work shifts along with reflecting timely and compliant thirty (30) minute meal periods that were in fact not provided. Due to the job duties they were required to perform and the scheduling requirements Defendants placed on them, Plaintiffs were generally not permitted to take their meal periods, if at all, until after the fifth hour worked because Defendants forced Plaintiffs and Class Members to "clock out" at the end of a personal training session and remain "on call" without pay, regardless of the time recorded in their time sheets. Thus Plaintiffs' meal periods, when he could take them, were shortened or interrupted by work demands. Upon information and belief, Defendants required the Class members to endure similar violations, including those that resulted from Defendants' uniformly applied policy and practice of pressuring Employees to record compliant and timely meal periods for the full 30

minute duration without regard to whether they in fact received a compliant and timely and duty-free meal period for an uninterrupted 30-minute duration. The time periods when Plaintiffs and the Class members were required by Defendant to work through breaks were also not recorded as hours worked, thus manifesting in Defendants' further failure to pay for all hours worked.

21. To the extent the amount of regular hours that Defendants recorded for Plaintiffs and the Class Members were used by Defendants to determine when they qualified for commissions or could count hours worked as overtime, these wages remain unpaid to Plaintiffs and the Class Members. To the extent Defendant considered hours worked in some manner in calculating commissions or pieces earned, Plaintiffs and the Class members were again under-compensated.

22. Plaintiffs contend Defendants' policy of rounding and time shaving and failing to pay for all pieces is not neutral and has been detrimental to the Class Members by systematically under-compensating them. Defendants' policies also compelled Plaintiffs and Class Members to work post-shift hours off-the-clock and without compensation, while under the control and authority of Defendants. Plaintiffs and the Class members worked substantially more hours than were recorded by Defendants, and were eligible to incur overtime hours or to earn commissions and/or bonuses sooner than they did in practice. While overtime hours accrued earlier in a shift than when Defendants started paying them, Defendants also failed to pay all overtime owed by failing to include all forms of compensation, including production related and non-discretionary bonuses or incentive payments in the regular rate it used to calculate and pay overtime, if and when Defendants did pay overtime or otherwise should have paid it.

23. Upon information and belief, Plaintiffs and Class Members therefore are and have been employed by Defendants as non-exempt personal trainers yet Defendants selectively and intermittently paid them a percentage of the sales for their training sessions rather than for all their hours worked. However, when they were paid the percentage of sales, and to the extent they were paid on a commission basis, they were separately compensated for neither overtime nor all their non-productive time during which they were unable to generate sales, including but not limited to the times they were required to be authorized and permitted to take duty-free rest breaks.

24. To the extent Defendants paid Plaintiffs and the Class Members on a commission basis, Plaintiffs and Class Members were not provided with a written, signed agreement pursuant to Labor Code § 2751, detailing their compensation plan and how said commissions were calculated and paid. In the event Defendants' compensation system was commission based, Defendants' failed to record and compensate Plaintiffs and the Class members for all their non-productive time that did not generate commissions, and for all their non-productive rest and recovery time when they were supposed be taking rest breaks. Defendants' failure to provide Class members with signed commissioned sales agreements would seem to indicate Defendants did not pay them as exempt commissioned salespersons. This lack of a clearly defined and communicated compensation plan directly resulted in further confusion as to exactly how Plaintiffs and the Class Members were and are compensated by Defendants, including whether they are under an hourly or piece rate or commission based system, or some hybrid. Under any of the systems, Defendants neither paid for all hours worked nor separately paid for any non-productive time incurred by Plaintiffs and the Class Members.

25. Upon information and belief, Defendants refusal to explain, understand and apply compensation system was used to avoid paying Plaintiffs and Class Members all their hours worked, including all duly owed straight time, overtime, double time for all hours worked, and/or failure to pay for non-productive time and non-productive rest and recovery time under a piece rate or commission-based compensation system.

26. Industrial Welfare Commission Wage Order No. 9-2001 provides: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise." "Hours worked" is defined under the Wage Orders as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." To the extent Defendants contend Plaintiffs and Class members were paid as commissioned employees or on a piece rate basis, they were entitled to separate hourly compensation for time spent on required rest breaks and for performing other non-revenue

generating tasks directed by Defendants during their work shifts, and for the entire Class period. Defendants failed to separately pay for this non-productive time.

27. Accordingly, Plaintiffs and Class Members were not properly paid all wages earned and for all hours worked and/or were not paid at the required rate of pay for all hours worked and/or were not compensated for all non-productive time when commissions and pieces were not being earned or for all non-productive rest and recovery time when Plaintiffs and the Class members were supposed to be taking rest breaks.

28. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked. Defendants also had a consistent policy or practice of failing to pay Employees their true and correct overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders. Defendants' willful actions resulted in the systematic underpayment of wages to Class Members, including underpayment of overtime and double time pay to Class Members over a period of time.

29. As a result of Defendants' unlawful policies and practices, Plaintiffs and Class Members incurred overtime hours worked for which they were not adequately and completely compensated, in addition to the hours they were required to work off-the-clock. To the extent applicable, Defendants also failed to pay Plaintiffs and Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of two (2) times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code and applicable IWC Wage Orders.

30. Additionally, Defendants failed to provide all legally required unpaid, off-duty meal periods and all legally required paid, off-duty rest periods to Plaintiffs and Class Members, as required by the applicable Wage Orders and the Labor Code. Defendants did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods or

which authorized and permitted all legally required paid, off-duty rest periods to Plaintiffs and Class Members. Plaintiffs and Class Members were non-exempt employees required to perform work as ordered by Defendants for more than five (5) hours during a shift, but were often required to do so without receiving a lawful and timely meal break, or were required to take shortened meal and rest breaks, or none at all, in order to by "available" and to keep up with work demands and job duties and job requirements and pressure placed upon them by Defendants' management and customers.

31. Defendants' policy of rounding the time keeping entries also resulted in under-reporting hours worked in a manner that would impact when Employees were to receive meal and off-duty rest periods, resulting in meal and rest periods that were either provided late, were impermissibly shortened, or were interrupted by work demands. This often resulted in breaks being taken, if at all, generally later than five (5) hours into the shift.

32. Therefore, due to the work demands, Defendants requirement that Plaintiffs clock out after every personal training session, and pressure from managers and supervisors uniformly exerted upon Plaintiffs and the Class members, meal periods were provided to personal trainers like Plaintiffs, if at all, later than five (5) hours into a work shift and/or for less than thirty (30) minutes. More specifically, Defendants placed selling and providing personal training sessions and requiring sales quotas over providing Plaintiffs and Class Members' lawful meal periods and authorizing and permitting them to take lawful rest breaks. Upon information and belief, Defendants followed a uniform policy and practice of automatically deducting a thirty (30) minute meal break, which did not reflect the time in which meal breaks were actually taken, if at all. These alterations to the records further evidence the inaccuracy of the timekeeping records Defendants maintained for Plaintiffs and the Class members and the resulting violations under the Labor Code and applicable IWC Wage Orders.

33. Upon information and belief, on the occasions when Employees worked more than ten (10) hours in a shift, Defendants also failed to provide them with a second, uninterrupted, timely and duty-free meal period. As a result, Defendants' failure to provide the Plaintiffs and Class Members with all their legally required off-duty, unpaid meal periods and all the legally

required off-duty, paid rest periods is and will be evidenced by Defendants' business records, or lack thereof. Defendants have either failed to maintain required records of when meal periods were actually provided or failed to produce them in response to Plaintiffs' timely and lawful requests, or else maintained inaccurate and incomplete records. Defendants also failed to pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period or rest break that Defendants failed to provide or deficiently provided. To the extent that Defendants required Plaintiffs and the Class members to enter into meal period waiver agreements, whether for a first meal period on shifts under six hours or for second meal periods on shifts over ten hours, Defendants have either failed to obtain such waivers or any that they have obtained are unenforceable and invalid.

34. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes, and shifts in excess of ten (10) hours without providing them with second meal periods of not less than thirty minutes; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of pay, for each meal period that Defendants failed to provide or deficiently provided. Meal period violations thus occurred in one or more of the following manners:

a. Class Members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

b. Class Members were not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;

c. Class Members were required to work through at least part of their daily meal period(s);

d. Meal periods were provided after five hours of continuous work during a shift; and

e. Class Members were restricted in their ability to take a full duty free thirty-minute meal period.

35. Plaintiffs and Class Members were regularly required by Defendants to work through or during their breaks and were not provided with one hour's wages in lieu thereof. Class Members were also restricted in their ability to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods. On occasions when Class Members worked over ten (10) hour shifts, they were, upon information and belief, not authorized and permitted to take a third timely, uninterrupted, and duty-free rest break. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Employees with paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; or major fraction thereof, nor did Defendants pay Class Members premium pay for each day on which requisite rest breaks were not provided or were deficiently provided. To the extent they provided rest breaks to Plaintiffs, Defendants failed to pay for this non-productive rest and recovery time as required under the Labor Code.

36. Rest period violations therefore arose in one or more of the following manners:

a. Class Members were required to work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

b. Class Members, due to the busy work environment, were restricted in their ability to take timely off-duty rest breaks which in turn were often provided at the end of a shift instead of every four (4) hours worked, or major fraction thereof; and

c. Class members were required to remain on-duty or under Defendants' control during rest periods or otherwise had their rest periods interrupted by work demands.

37. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have also consistently violated Labor Code § 221 by unlawfully collecting or deducting the Employees' earned wages, including by the above described off the clock work and on-duty work while on unpaid meal breaks and by Defendants' policy and practice of editing records and requiring Plaintiffs and the Class members to create time punch records that did not reflect their actual hours worked and automatically deducting 30 minutes of work for unpaid meal periods Defendants failed to provide. Defendants have consistently and unlawfully collected or received wages from Employees by making automatic deduction from Employees' wages for alleged meal periods or by otherwise not compensating Plaintiffs and the Class Members for all hours worked, including by rounding, or by on-duty meal periods they were required to endure under Defendants' policies and practices, and by not paying employees paid on a piece rate or commission basis for all their non-productive time worked, including off-duty rest periods and recovery times. Defendants thus unlawfully deducted wages earned by and owed to Plaintiffs and the Class members, in violation of Labor Code § 221.

38. As a result of the above described illegal policies and practices, Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiffs and the Class members they seek to represent:

a. failing to pay all wages owed to Class members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203;

b. failing to pay all wages owed to the Class members twice monthly in accordance with the requirements of Labor Code § 204;

c. failing to pay Class members all wages owed, including all meal and rest period premium wages;

d. failing to maintain accurate records of Class members' earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders; and

e. failing to produce timekeeping records in response to Plaintiffs' timely and lawful request to receive them under these authorities.

39. From at least four (4) years prior to the filing of this lawsuit, and continuing to the present, Defendants have also consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws. More specifically, Defendants also failed to provide the Plaintiffs and the other members of the Class with complete and accurate wage statements, as those provided failed to show, among other things, the correct wages owed for time worked, including, allocation of lawfully required, paid, and off-duty rest periods and other non-productive time. California Labor Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate, as well as the number of piece-rate units earned and any applicable piece rate for employees who were paid on a piece-rate basis. The wage statements Defendants provided to the Employee in the Class failed to list or to accurately list the wage rates or the hours worked at those rates or pieces earned during the pay period which led to the calculated pay listed by Defendants without any further detail. When Defendants began doing so, or providing separate sheets addressing how Plaintiffs' pay was calculated, Defendants failed to provide the underlying sales data and numbers sufficient to allow them to check the accuracy of the statements and calculations. Additionally, Plaintiff MAYER incurred on her wage statement a deduction of $250 for a "kettle bell" training course that Plaintiff MAYER never took. As a result, Defendants provided Plaintiffs and the other members of the Class with wage statements that were inaccurate and which systematically and uniformly violated California Labor Code § 226.

40. Defendants also required Plaintiffs and the Class members to work hours off the clock for which they were not compensated, including uncompensated time before and after work shifts and during non-productive time and rest and recovery periods and due to Defendants' unlawful rounding an and during interrupted or otherwise on-duty meal and rest periods. Defendants also failed to pay all overtime premium wages owed for work conducted on a work

shift and a workweek, as addressed above. Therefore, from at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have also followed a uniform and consistent policy of failing to pay all wages owed to Plaintiffs and other similarly situated Employees at the time of their termination or within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws. In view of the above addressed violations, Defendants have also failed to pay all wages owed to Plaintiffs and the Class members twice monthly in accordance with the requirements of Labor Code § 204

41. Defendants also followed a uniform policy and practice of failing to reimburse Plaintiffs and Class Members for all necessary business expenses they incurred in the performance of their daily job duties, including failing to reimburse the expenses incurred for their personal cellular phone usage and uniform maintenance. For example, Plaintiffs regularly received telephone calls and text messages from Defendants' management regarding all their daily duties and job requirements, and regarding scheduling and such other work-related matters. Plaintiffs' cell phones were the main, and often only, mode of communication between Plaintiffs and Defendants' management during business hours. However, Defendants failed to completely reimburse Plaintiffs or Class Members for the cellular phone related expenditures they were required to pay in the course of performing their daily job duties and responding to inquiries from Defendants. Defendants also required Plaintiffs to wear a logo shirt but Plaintiffs were required to launder and care for the uniform shirts without reimbursement, as required under section 2802.

42. In light of the foregoing, Plaintiffs bring this action on behalf of themselves and all similarly situated Employees, pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.2, 226.7, 510, 512, 558, 1174, 1185, 1194, 1194.2, 1197, 2751, 2802, and California Code of Regulations, Title 8, section 11000 *et seq*.

43. Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Plaintiffs and their fellow Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of the Labor Code and the other unfair, unlawful, or fraudulent practices alleged in this Complaint.

**CLASS ALLEGATIONS**

44. Plaintiffs bring this class action on behalf of themselves and all others similarly situated pursuant to Code of Civil Procedure § 382. Plaintiffs seek to represent a Class (or "the Class" or "Class Members") defined as follows: "All individuals employed by Defendants at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ("the Class Period"), and who have been employed by Defendants as personal trainers in similar and related positions within the State of California."

45. Further, Plaintiffs seek to represent the following Subclasses composed of and defined as follows:

a. Subclass 1. Minimum Wages Subclass. All Class Members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b. Subclass 2. Wages and Overtime Subclass. All Class Members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c. Subclass 3. Meal Period Subclass. All Class Members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d. Subclass 4. Rest Break Subclass. All Class Members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

e. Subclass 5. Wage Statement Subclass. All Class Members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

f. Subclass 6. Piece Rate Subclass. All Class Members who were compensated on a piece rate basis but were not provided accurate records of time worked and pieces earned or were not paid at their required rates for all non-productive time and all non-productive rest and recovery time.

g. Subclass 7. Unauthorized Deductions from Wages Subclass. All Class Members who were subject to Defendants' policy and/or practice of automatically deducting 30-minutes worth of wages from Employees for alleged meal periods they were denied and/or by understating the hours worked by Employees.

h. Subclass 8. Expense Reimbursement Subclass. All Class Members who incurred necessary and reasonable expenses in connection with performing their job duties for Defendants and who were subject to a policy and/or practice under which such expenses were not reimbursed.

i. Subclass 9. Termination Pay Subclass. All Class Members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

j. Subclass 10 Payroll Records Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to keep accurate time and wage records as required by California wage-and-hour laws.

k. Subclass 11: Labor Code § 2751 Subclass. All Class Members, who were paid a commission on the sales they made of Defendants' services, but who were not provided with a written agreement, setting forth the method by which the commissions were calculated and paid.

l. Subclass 12: Failure to Timely Pay Wages Twice Monthly Subclass. All Class Members who were subject to Defendants' policy and practice of not timely paying all wages earned when they were due and payable at least twice monthly.

m. Subclass 13. UCL Subclass. All Class Members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

46. Plaintiffs reserve the right under California Rule of Court 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

47. Defendants, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby Defendants failed to correctly calculate compensation for the time worked by Plaintiffs and Class Members, even though Defendants enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. Defendants have uniformly denied these Class Members wages to which they are and were entitled, and failed to provide meal periods or authorize and permit rest periods, in order to unfairly cheat the competition and unlawfully profit.

48. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure § 382 because there is a well-defined community of interest in litigation and the proposed class is easily ascertainable from the employment records for Plaintiffs and the Class members that Defendants are required to maintain under California law.

**A. Numerosity**

49. The potential members of the Class as defined are so numerous that joinder of all members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believes that Defendants employ or, during the time period relevant to this lawsuit, employed hundreds of employees in personal trainer and related positions who satisfy the Class definition within the State of California.

50. Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiffs allege that Defendants' employment records will provide information as to the number and location of all Class Members.

**B. Commonality**

51. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include:

a. Whether Defendants failed to pay Employees minimum wages;

b. Whether Defendants failed to pay Employees wages for all hours worked;

c. Whether Defendants failed to pay Employees overtime based on proper calculation of the regular rate of pay;

d. Whether Defendants paid all commissions owed to Employees;

e. Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

f. Whether Defendants paid Employees for all their non-productive time at the required hourly rates, including time during rest and recovery time and other time when they were performing job duties not directly related to earning commissions or generating pieces;

g. Whether Defendants violated Labor Code § 2802 by failing to reimburse necessary business related expenses;

h. Whether Defendants violated Labor Code § 226.2 by failing to separately compensate Employees paid on a piece rate basis for their non-productive time or their rest and recovery time;

i. Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

j. Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to authorize and permit Employees to take requisite

rest breaks or provide premium pay in lieu thereof;

k. Whether Defendants violated Labor Code § 226(a) by providing Employees with inaccurate wage statements;

l. Whether Defendants violated Labor Code § 204 by failing to timely pay wages;

m. Whether Defendants violated Labor Code § 221 by unlawfully deducting from wages;

n. Whether Defendants failed to keep and furnish Class Members with accurate records of pieces earned when they were being compensated on a piece rate basis;

o. Whether Defendants violated Labor Code § 226 and § 1174 and §1198 and the IWC Wage Orders by failing to maintain accurate records of Class members' earned wages and work periods;

p. Whether Defendants violated Labor Code § 2751 by not being provided with a written agreement which set forth the method by which their commissions were calculated and paid;

q. Whether Defendants violated Labor Code § 204 by failing to timely pay wages;

r. Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

s. Whether Defendants' conduct was willful;

t. Whether Defendants violated Labor Code § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

u. Whether Defendants violated Labor Code § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular or overtime;

v. Whether Defendants jointly employed the Employees in the Class;

w. Whether Defendants violated Business and Professions Code § 17200 *et seq.*; and

x. Whether Employees are entitled to equitable relief pursuant to Business and Professions Code § 17200 *et seq.*

**C. Typicality**

52. The claims of the named Plaintiffs are typical of those of the other Employees. The Class Members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein. Plaintiffs' claims for Defendants' failure to pay wages owed for all hours worked, including off the clock work and rounding and failure to account for all pieces earned or commissions earned or bonuses earned, along with the meal and rest violations they were required to endure at Defendants' hands, are typical of those of the other Class members and can be proven by discovery of similar documents.

**D. Adequacy of Representation**

53. Plaintiffs will fairly and adequately represent and protect the interests of the Employees. Counsel who represents the Employees are experienced and competent in litigating employment class actions.

**E. Superiority of Class Action**

54. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to properly compensate Employees.

55. As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class Members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class Members. Further, as the economic or other loss suffered by vast numbers of Class Members may

be relatively small, the expense and burden of individual actions makes it difficult for Class Members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

56. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties in managing this case that should preclude class treatment. Plaintiffs contemplates the eventual issuance of notice to the proposed Class Members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

57. Defendants, as a prospective and actual employer of the Employees, had a special fiduciary duty to disclose to prospective Class Members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

58. Plaintiffs and Class Members did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiffs' and the Class's wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiffs and Class Members

discovered their claims.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

59. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

60. Defendants failed to pay Plaintiffs and Class Members minimum wages for all hours worked, and provided them with inaccurate wage statements that prevented them from learning of these unlawful pay practices. As detailed above, to the extent Defendants paid Class Members on a commission based or piece rate system, then they did not pay for all non-productive time when commissions and pieces were not being generated, and failed to pay for all non-productive rest and recovery time.

61. By implementing policies, practices, procedures and protocols which required Plaintiffs and Class Members to submit and/or agree to rounded time keeping entries and perform other off the clock work, as detailed above, Defendants' willful actions resulted in the systematic underpayment of wages to Class Members.

62. Thus, Employees would work hours and not receive wages, including off-the-clock work, rounded down timekeeping entries, and failure to pay all earned wages, including overtime or, in the alternative, failure to pay all non-productive time or commissions or pieces earned. Defendants, and each of them, have also imposed difficult to attain job and shift scheduling requirements on Plaintiffs and Class Members, which resulted in off-the-clock work and underpayment of all wages owed to employees over a period of time, while benefiting Defendants. The many and varied violations Plaintiffs and the Class members were required to endure at Defendants' hands are addressed in detail in the Background section above.

63. Additionally, Defendants had a consistent policy of failing to pay Employees for hours worked during meal and rest periods for which Employees were consistently denied. Defendants' uniform pattern of unlawful wage and hour practices denied accurate compensation to Plaintiffs and the other members of the Class as to minimum wage pay and overtime pay for all

hours worked.

64. In California, employees must be paid at least the then applicable state minimum wage for all hours worked, including under Labor Code § 1197, IWC Wage Order MW-2014, and paragraphs 2(K), 2(S), and 4(A)-4(C) of the applicable IWC Wage Orders. Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

65. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

66. The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

67. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at least at the statutory or agreed upon rate, and no part of this rate may be used as a credit against a minimum wage obligation.

68. In committing these violations of the California Labor Code, Defendants inaccurately recorded or incorrectly calculated the time worked, and consequently underpaid the actual time worked by Plaintiffs and other members of the Class. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendants also failed to timely pay all wages earned

in accordance with California Labor Code § 1194.

69. California Labor Code § 1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

70. In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197.1, Plaintiffs and Class Members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

71. Pursuant to California Labor Code § 1194.2, Plaintiffs and Class Members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

72. Defendants also failed to pay all wages owed for all hours worked to Plaintiffs and the Class Members when they were paid on a piece rate or commission only basis, including by failing to comply with the other provisions of Labor Code § 226.2 addressing the requirements for compensating employees for rest and recovery periods and other non-productive time separate from piece rate compensation. To the extent Employees were paid on a piece rate or commission basis, Defendants failed to separately pay Employees for their rest periods and other non-productive time when they were not generating pieces or sales commissions, in violation of Labor Code § 226.2 and California minimum wage laws, discussed above.

73. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

74. Wherefore, Plaintiffs and Class Members are entitled to recover the unpaid minimum wages, liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a). Plaintiffs and Class Members further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties

against Defendants, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to Class Members who have terminated their employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code § 203, which penalties are sought herein on behalf of these Class Members. Defendants' failure to timely pay all wages owed also violated Labor Code § 204 and resulted in violations of Labor Code § 226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as alleged herein was willful, intentional and not in good faith. Further, Plaintiffs and Class Members are entitled to seek and recover statutory costs.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE §§ 510, 1194**

**(Against All Defendants)**

75. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

76. California Labor Code §§ 1194 and 1198 provides that employees in California shall not be employed more than eight (8) hours in any work day, and/or more than forty (40) hours in any workweek, or work a seventh (7th) day in a work week unless they receive additional compensation beyond their regular wages in amounts specified by law.

77. California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

78. By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and paragraphs 2(K), 2(S), 3(A) and 4(A)-4(B) of the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any

workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked, including by unlawfully rounding down, under-reporting actual hours worked, and not paying proper overtime and double rates, as detailed above.

79. Defendants, and each of them, have intentionally and improperly required Plaintiffs and Class Members to accept rounded, changed, adjusted and/or modified hours worked, or otherwise caused them to work off the clock, or to not receive wages for non-productive time, to avoid paying them all earned and owed straight time and overtime wages and other benefits, in violation of the California Labor Code, the California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Plaintiffs and Class Members to work through meal periods when they were required to be clocked out. Therefore, Employees were not properly compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a given day, and/or forty hours in a given week. Based on information and belief, Defendants did not make available to Employees a reasonable protocol for correcting time records when Employees worked overtime hours or to fix incorrect time entries that were rounded by Defendants, to the Employee's detriment. Defendants have also violated these provisions by requiring Plaintiffs and Class Members to work through meal periods when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties.

80. Due to Defendants' unlawful rounding policy and the off the clock work they required, and failure to pay for all pieces and commissions earned and failure to provide documentation of these numbers, Defendants failed to pay Plaintiffs and Class Members minimum wages, regular wages, and applicable overtime at their required rates. Upon information and belief, to the extent that Plaintiffs and Class Members were paid on a piece rate or commission based system, they were not separately paid for all non-productive time. Also, Defendants' policy and practice of unlawful rounding and requiring off the clock work resulted in overtime hours

beginning to accrue later than they would have or should have had Plaintiffs and the Class members been paid for all their hours worked. This resulted in Defendants' systematic underpayment of overtime, including by failing to include all productivity based, non-discretionary bonus and incentive payments in the regular rate Defendants used to calculate and pay overtime.

81. Defendants' failure to pay Plaintiffs and Class Members the unpaid balance of regular wages owed and overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198 and paragraph 3(A) of the applicable IWC Wage Order, and is therefore unlawful.

82. Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiffs and Class Members seek the remedies set forth in Labor Code § 558.

83. Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

84. Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission). Additionally, under Labor Code § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

85. Consequently, pursuant to California Labor Code, including Labor Code §§ 204, 510, 558, 1174, 1194, 1198, 1199, and the relevant paragraphs of the IWC Wage Orders, including paragraphs 2(K), 2(S), 3(A), 4, and 20, Defendants are liable to the Employee Class members for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes. Further, Plaintiffs and the Class Members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 210 and 1194.

**THIRD CAUSE OF ACTION**

**MEAL BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

86. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

87. Employees regularly worked shifts greater than five (5) hours and in some instances, greater than ten (10) hours. Pursuant to Labor Code § 512, and paragraph 11 of the applicable IWC Wage Order, an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

88. Defendants failed to provide Employees with meal periods as required under the Labor Code and paragraph 11 of the applicable IWC Wage Order. Employees received short meal

periods, were regularly required to work during their meal periods, as discussed above, or received the meal periods beyond the fifth hour of their shifts, if at all. Furthermore, upon information and belief, on the occasions when Employees worked more than 10 hours in a given shift, they did so without receiving a second uninterrupted thirty (30) minute meal period, as required by law. As a result, Defendants' failure to provide Plaintiffs and Class Members with all their legally required off-duty, unpaid meal periods will be evidenced by Defendants' business records, or lack thereof.

89. Defendants thus failed to provide Plaintiffs and Class Members with meal periods as required by the Labor Code and paragraph 11 of the applicable IWC Wage Order, by not providing them, by providing them late or for less than thirty (30) minutes, or by requiring Plaintiffs and the Class members to perform work during breaks.

90. Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Orders. These sections provide that if an employer fails to provide an employee a meal period in accordance with applicable law, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. To the extent Defendants did make any such payments to Plaintiffs and Class Members, they failed to do so for the vast majority of the violations. Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order.

91. Therefore, pursuant to Labor Code § 226.7, and paragraphs 11 and 20 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and other statutes and applicable IWC Wage Orders.

///

///

## FOURTH CAUSE OF ACTION

## REST BREAK LIABILITY UNDER LABOR CODE § 226.7

## (Against All Defendants)

92. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

93. Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours, or major fraction thereof.

94. Employees consistently worked consecutive shifts of at least eight (8) hours and were generally required to work shifts of greater than eight (8) hours total. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour or longer shift. Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hours of work, or major fraction thereof, if rest breaks were provided at all. Furthermore, upon information and belief, on the occasions when Employees worked more than ten (10) hours in a given shift, they did so without receiving a third uninterrupted ten (10) minute rest break, as required by law.

95. Labor Code § 226.7 and paragraphs 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

96. Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiffs and Class Members in violation of Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders.

97. Defendants failed to authorize and permit Plaintiffs and Class Members to take rest periods, as required by the Labor Code. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code §

226.7 and paragraph 12 of the applicable IWC Wage Orders.

98. Therefore, pursuant to Labor Code § 226.7 and paragraph 12 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226(a)**

**(Against All Defendants)**

99. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

100. California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

101. Defendants failed to provide Plaintiffs and the similarly situated Employee Class members with accurate itemized wage statements in writing, as required by the Labor Code and paragraph 7 of the applicable IWC Wage Orders. Specifically, the wage statements given to Employees by Defendants failed to accurately account for wages, overtime, and premium pay, including for all overtime hours worked and for deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to the Employees, as alleged above. Defendants also failed to accurately list all piece rates and piece rate units on the wage statements it issued, resulting in further inaccuracies and violations.

102. California Labor Code § 226.2(a)(2)(A)-(B) further instructs that: "The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified

in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable: (A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period. (B) Except for employers paying compensation for other nonproductive time in accordance with paragraph (7), the total hours of other nonproductive time, as determined under paragraph (5), the rate of compensation, and the gross wages paid for that time during the pay period." Defendants failed to issue accurate itemized wage statements to Plaintiffs and the Class members, including when they were paid on a piece rate basis and when the wage statements failed to comply with the requirements of Labor Code § 226.2, in addition to Labor Code § 226.

103. Defendants failed to provide Plaintiffs and the Class members with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements given to Plaintiffs and the Class members by Defendants failed to accurately account for all minimum, regular and overtime wages, including for non-productive time and for all pieces earned, failed to pay all overtime at the correct rate by failing to include bonuses and incentive payments in the regular rate used to calculate overtime, and failed to pay premium pay for deficient meal periods and rest breaks and pay required expense reimbursements, all of which Defendants knew or reasonably should have known were owed to Plaintiffs and the Class members, as alleged above.

104. Throughout the liability period, Defendants intentionally failed to furnish to Plaintiffs and the Class members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226 and paragraph 7 of the applicable IWC Wage Orders, amongst other statutory

requirements. Defendants knowingly and intentionally failed to provide Plaintiffs and the Class members with such timely and accurate wage and hour statements.

105. Plaintiffs and the Class members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide an accurate wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiffs and Class members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

106. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiffs and the Class members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

107. Therefore, as a direct and proximate cause of Defendants' violation of Labor Code § 226(a) and paragraphs 4(b), 7, and 20 of the applicable IWC Wage Orders, the Employees in the

Class suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

108. Pursuant to Labor Code §§ 226(a) and 226(e), and paragraph 20 of the applicable IWC Wage Order, Plaintiffs and the Employee Class members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) under Section 226(e). They are also entitled to an award of costs and reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 226.2**

**(Against All Defendants)**

109. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

110. Labor Code § 226.2 provides that "[f]or employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period: (1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation." As discussed above, Defendants failed to do so for Plaintiffs and the Class members when they were paid on a piece rate basis, including by failing to comply with the other provisions of Labor Code § 226.2 addressing the requirements for compensating employees for rest and recovery periods and other nonproductive time separate from piece rate compensation, and the requirements of Labor Code §§ 226 and 226.2 requiring a listing of all pieces earned on wage statements. To the extent Plaintiffs and the Class were paid commissions only, the wage statements again failed to separately compensate non-productive time and Defendants failed to provide Plaintiffs and the Class members with the underlying sales data and numbers necessary to cross-check the commission payment calculations.

111. Defendants maintained a uniform wage practice of paying Plaintiffs and the Class members without regard to the correct amount of time they worked, including time spent engaging in non-productive tasks, and Defendants also failed to timely and correctly pay Plaintiffs at the appropriate piece rate for all piece rate units earned. Defendants also failed to pay all wages at the correct hourly rate for all rest and recovery periods to which Plaintiffs and the Class members were entitled, as such rest periods must be duty free and were not accounted for as time worked when Plaintiffs and the Class members were paid on a piece rate basis. As set forth herein, Defendants' uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to Plaintiffs and the Class members who were paid on a piece rate basis.

112. In committing these violations of the California Labor Code, Defendants inaccurately calculated the correct time worked by Plaintiffs and consequently underpaid their actual time worked, along with failing to pay for all piece rate units earned by Plaintiffs and the Class members. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendants also failed to timely pay all wages earned in accordance with California Labor Code § 1194.

113. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Plaintiffs and the Class members.

114. As a direct result of Defendant's unlawful wage practices as alleged herein, Plaintiffs and the Class members did not receive the correct minimum wage compensation for their time worked for Defendant and for all piece rate units earned, including by not receiving wages for all rest periods and all rest and recovery and non-productive work time when they were paid on a piece rate basis. Plaintiffs and the Class members are therefore entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees

and costs of suit pursuant to California Labor Code § 1194(a), or as otherwise permitted under applicable law and provisions of the applicable IWC Wage Orders.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 221**

**(Against All Defendants)**

115. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

116. Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay for all hours worked. Defendants failed to do so.

117. Defendants unlawfully received and/or collected wages from Class Members by implementing a policy of automatically deducting vested wages for meal periods that were not provided, as well as by rounding down and understating the hours worked by Employees and failure to pay all wages by not paying for all pieces or commissions earned or by underpaying overtime by not including bonuses in the calculation, as addressed in detail above.

118. As a direct and proximate cause of Defendants' unauthorized wage deductions, Employees have been damaged in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(Against All Defendants)**

119. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

120. Numerous Employees, including Plaintiffs, are no longer employed by Defendants; they either quit Defendants' employ or were fired there from.

121. Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

122. The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment.

123. Defendants failed to pay Plaintiffs and Class Members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by failing to pay for all hours worked or requiring off the clock work or by unlawful rounding and/or altering of time entries to the detriment of Employees, and Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

124. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiffs and the Class members may therefore pursue damages and penalties for violations of Labor Code § 203 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders. Also, under Labor Code § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

125. Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties under Labor Code § 203 and the applicable IWC Wage Orders as addressed above, including the requirement that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

///

///

**NINTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 204**

**(Against All Defendants)**

126. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

127. Labor Code § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." As detailed above, Defendants maintained a consistently applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. Defendants similarly failed to pay all wages earned by not more than seven calendar days following the close of the payroll period. These failures all arose from either Defendants' failure to pay for all hours worked or failure to pay all earned commission wages, including by unlawfully imposing charge backs on Plaintiffs and the Class Members.

128. All wages due and owing to Plaintiffs and the Class Members, including as required under Labor Code § 510, were therefore not timely paid by Defendants, as addressed in detail above. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each Class Member in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages or commissions to which he was entitled.

129. Defendants thus violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code, as addressed above. Additionally, under paragraph 4(B) of the

applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiffs and the Class members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

130. As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seek to represent have been deprived of wages in amounts to be determined at trial, and they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 210, 218.5, 1194 and 1198, and paragraphs 4(B) and 20 of the applicable IWC Wage Orders.

**TENTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS, LABOR CODE §§ 1174, 1174.5**

**(Against All Defendants)**

131. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

132. California Labor Code § 1174 requires that all employers shall keep accurate time and wage records for all employees. California Labor Code § 1174.5 further requires that any employee suffering injury due to a willful violation of the aforementioned obligations may seek damages, including civil penalties, from the employer.

133. During the course of Plaintiffs' and Employees' employment, Defendants consistently failed to maintain accurate time and wage records for Plaintiffs and Class Members as required by California Labor Code § 1174 by failing to pay them proper wages, overtime, and premium pay as discussed above and failing to document and pay for actual hours worked.

134. Defendants are also required by the California Labor Code § 1198 and the applicable Wage Order to maintain a tracking system that accurately records the times during which Employees work.

135. Defendants have maintained a common unlawful policy and practice of failing to accurately record all hours worked and all meal period start and end times.

136. Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them.

137. Accordingly, Defendants are liable for civil penalties pursuant to the California Labor Code including § 1174.5, for the three years prior to the filing of this Complaint.

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES, LABOR CODE § 2802**

**(Against All Defendants)**

138. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

139. Under Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

140. Plaintiffs, and upon information and belief the Class, allege that throughout the period applicable, Defendants compelled Employees to pay out-of-pocket for necessary work related expenses. For example, Plaintiffs regularly received telephone calls and text messages from Defendants' management regarding meetings, training sessions, and scheduling, including calls regarding work related issues and questions that arose in the course of performing their jobs. Plaintiffs' cell phone were often the only mode of communication between Plaintiffs and Defendants' management during business hours. However, Defendants consistently failed to reimburse Employees for these necessary business expenses Plaintiffs and the Class members were required to incur in the course of performing their daily job duties.

141. Defendants' actions resulted in damages to Plaintiffs and Class Members because, among other things, Defendants did not inform employees of their right to be reimbursed for those work related expenses. Consequently, Employees were misled with regard to their rights and were led to believe that incurring those expenses was an expected function of their employment, and that failure to incur those expenses would have adverse consequences on their employment.

142. Therefore, Plaintiffs and Class Members are entitled to reimbursement for any and all necessary work-related expenses, as provided for in Labor Code § 2802(b), incurred during the direct discharge of their duties while employed by Defendants, as well as accrued interest on those expenses that were not reimbursed from the date Plaintiffs and Class Members incurred those expenses. Further, Plaintiffs and Class Members are entitled to costs and attorney's fees pursuant to Labor Code § 2802(c).

**TWELFTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ*.**

**(Against All Defendants)**

143. Plaintiffs re-allege and incorporate all preceding paragraphs, as though set forth in full herein.

144. Plaintiffs, on behalf of themselves, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

145. Plaintiffs are "persons" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

146. Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiffs and Class Members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

147. Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

148. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiffs, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

149. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq*.

150. Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 *et seq*.

151. By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California and federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor Code including Sections 204, 226, 226.7, 227.3, 512, 1194, 1197, 1198, and 2802 for which this Court should issue declaratory and other equitable relief pursuant to California Business & Professions Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

152. As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

153. Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs prays for the following relief:

1. For an order certifying this action as a class action;

2. For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3. For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4. For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5. For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6. For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7. For damages and restitution for failure to reimburse all reasonable and necessary business expenses incurred by Employees as required by Labor Code § 2802, as may be proven;

8. For penalties pursuant to Labor Code § 226(e) for Employees, as may be proven;

9. For penalties pursuant to Labor Code § 226.2 for failing to separately compensate Employees paid on a piece rate basis for their non-productive time or their rest and recovery time;

10. For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 221, as may be proven;

11. For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wages times thirty (30) days, as may be proven;

12. For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq*., including disgorgement or profits, as may be proven;

13. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

14. For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 204, as may be proven;

15. For all general, special, and incidental damages as may be proven;

16. For an award of pre-judgment and post-judgment interest;

17. For an award providing for the payment of the costs of this suit;

18. For an award of attorneys' fees; and

19. For such other and further relief as this Court may deem proper and just.

DATED: September 9, 2024

D.LAW, INC.

By ______________________
David Yeremian
Alvin B. Lindsay
Jean Hopkins Power
Attorneys for Plaintiffs Juan Camilo Figueredo and Karoly Mayer, and all others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

DATED: September 9, 2024

D.LAW, INC.

By ____________________

David Yeremian
Alvin B. Lindsay
Jean Hopkins Power
Attorneys for Plaintiffs Juan Camilo Figueredo and Karoly Mayer, and all others similarly situated